IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No.  03-cv-02372-PSF-PAC

JACK BARRECA,

      Plaintiff,

v.

SOUTH BEACH BEVERAGE CO., INC.,
LOTTE U.S.A, and
7-ELEVEN, INC.,

      Defendants.

---

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT
## AND FOR A *MARKMAN* HEARING

---

This matter comes before the Court on Defendants' Motion for Summary Judgment Regarding Infringement (Defendants' Motion) filed April 27, 2005 (Dkt. # 76) and Plaintiff's Motion for Summary Judgment on Infringement (Plaintiff's Motion) filed April 20, 2004 (Dkt. # 20), as well as Plaintiff's Motion for a *Markman* Hearing filed August 13, 2004 (Dkt. # 30).

Plaintiff filed a response to Defendants' Motion on May 20, 2005 (Plaintiff's Response) and defendants filed a reply brief on June 6, 2005 (Defendants' Reply). Defendants filed a response to Plaintiff's Motion on August 4, 2004 and plaintiff filed his reply in support of his motion on August 9, 2004.

**BACKGROUND**

Plaintiff Jack Barreca is the inventor and owner of a patent on a type of center filled gum, U.S. patent # 6,652,839 (the "'839 patent").  Plaintiff alleges defendants South Beach Beverage Co., Inc. ("SoBe"), Lotte U.S.A. ("Lotte"), and 7-Eleven, Inc. ("7-Eleven") have willfully infringed his patent by producing and selling a product called SoBe Energy Liquid Infused gum ("SoBe Energy gum") and have caused him substantial damages in lost profits or lost potential royalties.

Defendants have asserted numerous defenses and have filed several motions seeking summary judgment against plaintiff on other grounds, but the Court at this time addresses only the assertion that defendants are entitled to summary judgment on the ground that the SoBe Energy Gum does not infringe plaintiff's '839 patent, or conversely that plaintiff is entitled to summary judgment on the ground that it does so infringe.

**PLAINTIFF'S CLAIMS**

Plaintiff asserts that at least one of claims 1, 9 and 11 of the '839 patent are either literally infringed by the defendant's product, or are infringed under the "Doctrine of Equivalents."  (Final Pretrial Order at 2).

As specified in the patent, Claim 1 read as follows:

> [Claim 1]:
>
> A chewing gum consisting essentially of a first substance comprised of gum configured so as to have at least one cavity capable of retaining a liquid or semi-liquid substance as a second substance, wherein at least said first substance has active ingredients consisting essentially of guarana,

2

> ginseng, and at least one metabolic enhancer that increases
> a user's metabolism in order to achieve a higher caloric burn
> rate, said active ingredients together present in an amount of
> up to 5 grams.

Patent No. 6,652,839, Exhibit B to the Complaint at 5-6.

Plaintiff asserts that claim 1 is literally infringed because the SoBe Energy gum

has a cavity capable of retaining a liquid or semi-liquid substance, includes guarana and

ginseng, and includes taurine and Vitamin C, which plaintiff claims are metabolic

enhancers of the type that can increase a person's metabolism, which in turn increases

that person's caloric burn rate (Final Pretrial Order, filed June 30, 2005, at 3).

As specified in the patent, Claim 9 read as follows:

> [Claim 9]
>
> A chewing gum consisting essentially of a first substance
> comprised of gum configured so as to have at least one
> cavity capable of retaining a liquid or semi-liquid substance
> as a second substance, wherein at least said first substance
> has active ingredients consisting essentially of: (1) a meta-
> bolic enhancer that increases a user's metabolism in order to
> achieve a higher caloric burn rate; and (2) a component
> selected from the group consisting of chromium picolinate;
> nettles; bee pollen; ginger; mahuang; zinc; a vitamin;
> a stimulant; ginseng; green tea; guarana; lecithin; gota kola;
> and golden seal, said active ingredients together present in
> an amount up to 5 grams.

Exhibit B to the Complaint at 6.

Plaintiff asserts that claim 9 is literally infringed because the SoBe Energy gum

"admittedly includes taurine, Vitamin C, guarana and ginseng," and because taurine and

Vitamin C are metabolic enhancers and stimulants "that can result in achieving a higher

caloric burn rate." (Final Pretrial Order at 4). Thus, plaintiff argues, the SoBe Energy

gum includes "a metabolic enhancer" and a "component" from the group of components

listed in claim 9.  *Id.*

As specified in the patent, Claim 11 read as follows:

> [Claim 11]:
>
> A chewing gum consisting essentially of a first substance
> comprised of gum configured so as to have at least one
> cavity capable of retaining a liquid or semi-liquid substance
> as a second substance, wherein at least said first substance
> has active ingredients comprising at least a combination of
> the Following: guarana, ginseng, at least one vitamin, and
> metabolic enhancers that increases a user's metabolism in
> order to achieve a higher caloric burn rate, in an amount of
> up to 5 grams.

Exhibit B to the Complaint at 7.

Plaintiff asserts that claim 11 is literally infringed because the SoBe Energy

gum "admittedly includes guarana, ginseng, Vitamin C and 'metabolic enhancers'

(*i.e.* taurine, caffeine, Vitamin C and at least four individual ginsenocides)."  (Final

Pretrial Order at 5).

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants' motion for summary judgment relies on one primary argument–that

plaintiff has come forward with no evidence to support his claim that the SoBe Energy

gum "meets the claim limitation of having at least 'one metabolic enhancer that

increases a user's metabolism in order to achieve a higher caloric burn rate.'"

(Defendant's Motion at 1).  Although defendants' original motion appears directed only

at claim 1 of the '839 patent (*see* Motion at 1), defendants correctly point out in their

reply brief that claim 9 also requires the presence of "a metabolic enhancer that

increases a user's metabolism in order to achieve a higher caloric burn rate" and claim 11 requires the presence of "metabolic enhancers that increase a user's metabolism in order to achieve a higher caloric burn rate." (Defendant's Reply Brief at 9-11).  As stated in the Final Pretrial Order, defendants contend that all of the pertinent claims of the '839 patent "require the presence of a specific type of metabolic enhancer, *i.e.*, one of the type that increases a user's metabolism in order to achieve a higher caloric burn rate."  Defendants asset that plaintiff has offered no admissible evidence to establish this claim limitation in the SoBe Energy gum (Final Pretrial Order at 15).

Plaintiff responds to defendants' argument with several points.  First, he claims that the reference to "increas[ing] a user's metabolism in order to achieve a higher caloric burn rate" is not a claim limitation, but instead "simply describes the intended result of the metabolic enhancer."  (Plaintiff's Response at 2, 5-6).  Second, he claims that Defendant 7-Eleven admitted, in a prior case between these parties, that taurine is a metabolic enhancer and therefore judicial estoppel precludes defendants from denying here that taurine is a metabolic enhancer (Plaintiff's Response at 16-18).  Third, plaintiff asserts that his own deposition testimony, his affidavit and scientific articles attached thereto or referenced therein, provide enough evidence that taurine and Vitamin C, which he asserts are admittedly found in the SoBe Energy gum, are metabolic enhancers (Plaintiff's Response at 6-12).

## ANALYSIS

The process for adjudicating infringement claims is described as follows in *Cybor Corp. v.  FAS Technologies, Inc.,* 138 F.3d 1448, 1454 (Fed. Cir. 1998):

"An infringement analysis involves two steps. First, the court determines the scope and meaning of the patent claims asserted, *see Markman II,* 517 U.S. at 371-73, and then the properly construed claims are compared to the allegedly infringing device." (Citation omitted.)

The second step of this analysis--the determination of whether the properly construed claims encompass the accused device--is a question of fact.  Thus, summary judgment of non-infringement can only be granted if, after viewing the alleged facts in the light most favorable to the non-movant, there is no genuine issue whether the accused device is encompassed by the claims.  *Pitney Bowes, Inc.  v. Hewlett-Packard, Co.,* 182 F.3d 1298, 1304 (Fed. Cir. 1999).

     1.    <u>Whether the presence of a metabolic enhancer is a claim limitation</u>

The Court disagrees that the referenced language merely describes the intended result, rather than provides a claim limitation.  In reaching this result, the Court is mindful of the fact that this is not the first lawsuit involving these parties nor is the language of the '839 patent written on a *tabula rosa.*  In Civil Action No. 02-F-2303, a case that was also pending before this Court, the parties litigated over whether the SoBe Energy gum infringed the '540 patent held by plaintiff.  The phrase "metabolic enhancer that increases a user's metabolism in order to achieve a higher caloric burn rate" was found in two claims contained in the '540 patent, and this Court construed the language in its Order on Claims Construction.  *See Barreca v. South Beach Beverage Co.*, 322 F. Supp. 2d 1186, 1194-96 (D. Colo. 2004).  The holding that the language was part of the claims limitation of the '540 patent does not necessarily mean

that the language is part of the claims limitation of the '839 patent.  Yet the similarity

of the claims language between the above-referenced claims 1, 9 and 11 of the '839

patent, and the language of claims 14 and 22 of the '540 patent at issue in the prior

case, strongly support a conclusion that the phrase "metabolic enhancer that increases

a user's metabolism in order to achieve a higher caloric burn rate" is part of the claims

limitation and not just a description of the intended result.

        In addition, the Court finds the plaintiff's reliance on the recent decision in *Syntex*

*(U.S.A.) LLC v. Apotex, Inc.,* 407 F.3d 1371 (Fed. Cir. 2005) to be unavailing.  The brief

claim construction discussion in that opinion addressed a chemical formula that

contained a weight-to-volume ratio.  The application of the ratio was simply an intended

result and not a claim limitation on the function of the patented product.  *Syntex, supra,*

407 F.3d at 1378.  By contrast, one of the primary purposes of plaintiff's patented gum

appears to be to create in the user an enhanced metabolic function.  This renders the

language essential to the patent and therefore part of the claims limitations.

        2.    Whether judicial estoppel applies

        The Court also finds unpersuasive plaintiff's argument that the defendants are

judicially estopped from denying that taurine is a metabolic enhancer.  Plaintiff relies

upon a purported admission of 7-Eleven in case No. 02-F-2303, the litigation involving

the '540 patent.

        A review of the pleadings in that case reveals that paragraph 24 of plaintiff's

complaint alleged that "[t]aurine is a metabolic enhancer that increases a user's

metabolism in order to achieve a higher caloric burn rate."  (Complaint, Civil Action No.

02-F-2303 at ¶ 24).  Defendant 7-Eleven answered the paragraph by denying sufficient

information to admit or deny the allegation.  *See* 7-Eleven's Answer to Complaint in Civil

Action No. 02-F-2303 at 6).  Paragraph 64 of the complaint in case No. 02-F-2303

alleges that "[o]ne of Defendants' center-filled gums, sold as SoBe Energy gum, has as

its active ingredients, guarana, ginseng and taurine.  Taurine is a metabolic enhancer.

Copies of the SoBe Energy gum package is attached hereto as Exhibit V."  (Complaint,

Civil Action No. 02-F-2303 at ¶ 64).  Defendant 7-Eleven answered this allegation by

stating "Admitted."  *See* 7-Eleven's Answer to Complaint in Civil Action No. 02-F-2303

at p. 16.  Defendants Lotte and SoBe essentially denied the material averments

of paragraph 24.  Those defendants also did not admit to the assertion contained

in paragraph 64 that taurine is a metabolic enhancer.  *See* Answer of SoBe to

Complaint in case No. 02-F-2303 at 7 and Answer of Lotte to Complaint in Civil

Action No. 02-F-2303 at 17.

Defendants argue that the doctrine of judicial estoppel is inapplicable under

these circumstances, and that even if it were, 7-Eleven's admission binds only 7-Eleven

and not SoBe or Lotte.

While the district court generally follows the law of the Federal Circuit with

respect to matters unique to patent law, the law of the Tenth Circuit applies to general

or procedural issues in patent cases.  *See Charles Machine Works, Inc. v. Digital

Control Inc.,* 264 F. Supp. 2d 980, 981 n.1 (W.D. Okla. 2003) and cases cited therein.

*See also National Presto Industries, Inc., v. West Bend Co.,* 76 F.3d 1185, 1188 n.2

(Fed. Cir. 1996) ("On procedural matters not unique to the areas that are exclusively assigned to the Federal Circuit, the law of the regional circuit shall be applied.").

Although at the time the parties filed some of their instant motions in this case the Tenth Circuit differed from the Federal Circuit in that it did not recognize the principle of judicial estoppel, the recent decision in *Johnson v. Lindon City Corp.*, 405 F.3d 1065 (10th Cir. 2005) recognized a change of position.  In *Johnson*, the Tenth Circuit panel acknowledged that the Supreme Court decision in *New Hampshire v. Maine*, 532 U.S. 742 (2001) "altered the legal landscape" regarding the doctrine of judicial estoppel.  405 F.3d at 1069.  Accordingly, the Court considers plaintiff's argument for judicial estoppel on its merits.

As stated in *Johnson, supra,* judicial estoppel is a discretionary remedy courts may invoke "to prevent improper use of judicial machinery."   405 F.3d at 1068.  The *Johnson* opinion noted several factors which are typically used to determine when to apply judicial estoppel.  First, a party's later position as to a factual issue must be clearly inconsistent with its earlier position.  Second, the party must have succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled.  This requirement ensures that judicial estoppel is applied in the narrowest of circumstances.  Third, the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.  *Id.*  Applying these factors in an exercise of

discretion, the Court finds that application of the doctrine of judicial estoppel is not warranted here.

First, it is not clear that 7-Eleven is taking an inconsistent position in this second case, for as noted above, 7-Eleven's answer to the complaint in Civil Action No. 02-F-2303 was itself internally inconsistent. The Court notes that 7-Eleven's Answer to plaintiff's Complaint in the instant case again does not admit plaintiff's allegations in paragraph 24 that taurine is a metabolic enhancer, and denies those allegations contained in paragraph 86 of the Complaint which allege that taurine is a metabolic enhancer. (*See* 7-Eleven's Answer at 6 and 21.)

Moreover, the other defendants in Civil Action No. 02-F-2303 did not take an ambiguous position and are not taking an inconsistent position here. Second, there is no indication in the record that even if 7-Eleven took the position in Civil Action No. 02-F-2303 that taurine was a metabolic enhancer, its position was accepted by the Court for purposes of that case. In the prior proceeding, the Court entered summary judgment against plaintiff and in favor of all defendants based on its conclusion that the claims of plaintiff's '540 patent, as construed by the Court, were not shown to be infringed by the SoBe Energy gum. In reaching that result the Court did not make a specific finding as to whether or not taurine is a metabolic enhancer. *See* Order on Pending Motions, Civil Action No. 02-F-2303. In fact, in its Order on Claims Construction, rather than "accepting" 7-Eleven's purported position, the Court suggested that whether or not the ingredients in the plaintiff's patented gum have the capability of increasing a user's metabolism in order to achieve a higher caloric burn

10

rate is a matter that scientists may determine from an objective test.  *Barreca, supra*, 322 F. Supp. 2d at 1196.

Finally, the Court finds that 7-Eleven would not derive an unfair advantage or impose an unfair detriment on plaintiff from its denial in this case that taurine is a metabolic enhancer.  As indicated, 7-Eleven's purported position in the prior case was so ambiguously stated that reliance on the alleged admission would be unreasonable. Moreover, as discussed below, plaintiff has hardly relied on 7-Eleven's admission, but rather has gone to some length to seek to establish that taurine is a metabolic enhancer.  Accordingly, the Court declines to apply the doctrine of judicial estoppel in this case.

3.      Whether plaintiff has adduced sufficient evidence to withstand summary judgment

In response to defendants' motion, plaintiff has asserted in an affidavit that "I have testified that I believe that taurine is an active ingredient and that it is a metabolic enhancer."  (Declaration of Barreca, Exhibit F to Plaintiff's Response, ¶ 8). In support of his qualification to make such a statement, plaintiff further attests that he is the inventor of four products for which patents have issued, that he studied physiology at the University of Texas, that he has worked in the health and fitness field for over twenty years, that he has studied various aspects of the health and fitness industry, that he has done considerable research on various active ingredients that may be suitable for inclusion in gum, and that he considers himself to be a person of ordinary skill in the

art of center-filled chewing gums that include particular active ingredients (*Id.* at ¶¶ 1, 2, 3 and 5).

Plaintiff also states in his affidavit that SoBe Energy gum contains guarana, ginseng and taurine as all three ingredients are listed on the box, as well as Vitamin C. (Barreca Declaration at ¶ 10).  Plaintiff opines that he believes these active ingredients were included because they are capable of increasing a user's metabolism in order to achieve a higher caloric burn rate.  *Id.*  Plaintiff also states that Vitamin C would also be considered a metabolic enhancer as that term is used in the claims of the '839 patent." (*Id.* at ¶ 11).

Plaintiff's affidavit also sets forth his understanding that taurine and Vitamin C are metabolic enhancers that may result in the increase of a user's metabolism in order to achieve a higher caloric burn rate, stating that his understanding is supported by "several independent sources of information" including publications cited in his affidavit, some of which may be attached to the affidavit as Exhibit A (*Id.* at ¶ 9).

Although the Court has not been able to locate all the publications listed in plaintiff's declaration, nor has it been able to decipher the relevance of all the articles included in Exhibit A to plaintiff's declaration, it has located two articles that appear to support plaintiff's opinion that Vitamin C and taurine are metabolic enhancers that increase caloric burn rates.  The first publication by Dr. Allen S. Josephs, titled "Nutritional Weight Loss Guide Vitamins and Minerals Information," states "Vitamin C naturally increases the body's metabolism, prompting it to burn more calories, and essential for normal glandular function."  The second publication, apparently an excerpt

12

from an abstract of an article by M. Zhang, L.F. Bi and J.H. Fang, titled "Beneficial

Effects of Taurine on Serum Lipids in Overweight or Obese Non-Diabetic Subjects"

states "[w]hether taurine benefits lipid metabolism in humans has rarely been

investigated.  The aim of this study was to evaluate the effects of taurine on serum

lipids in overweight or obese young adults."  After describing the study's methods,

the abstract concludes "[t]aurine supplementation decreased TG [Triaglycerol] and

AI [atherogenic index] significantly.  Body weight also reduced significantly in the

taurine group.  These results suggest that taurine produces a beneficial effect on lipid

metabolism and may have an important role in cardiovascular disease prevention in

overweight or obese subjects."

The Court also notes that in his deposition plaintiff was asked about taurine

and its effects.  *See* excerpts from Barreca deposition, March 22, 2005, attached as

Exhibit A to Defendant's Reply Brief.  Plaintiff there testified that based on his research,

documented articles, science articles, and generally printed articles, he understood

that taurine "acts as a metabolic enhancer or can act as an additive.  It has various

functions, but all in all, it is an amino acid."  (*Id.* at 50).

Plaintiff was also asked what evidence he had that vitamins are metabolic

enhancers.  He testified that based on what he has read and studied about vitamins and

their effects, "certain vitamins, if not all vitamins, affect the metabolic rate in some

fashion and enhance the metabolic rate."  (*Id.* at 108-09).

Defendants contend that notwithstanding this record, they are entitled to

summary judgment because the issue of whether taurine and Vitamin C are metabolic

13

enhancers that increase a user's metabolism to achieve a higher caloric burn rate is a matter that requires expert testimony and plaintiff is not an expert qualified to give such an opinion.  Moreover, defendants argue, even if plaintiff were an expert, he has not been disclosed as an expert pursuant to Rule 26(a)(2), F.R.Civ.P., nor has he delivered an expert report and discovery is now completed.  Finally, defendants assert that plaintiff's opinions to the extent they rely on the cited articles are based on inadmissible hearsay and should not be considered in opposition to their motion for summary judgment.  Defendants also submitted a declaration from their expert witness Douglas Fritz, who stated that based on his research taurine is not a metabolic enhancer that increases a user's metabolism in order to achieve a higher caloric burn rate (Declaration of Douglas P. Fritz, Exhibit B to Defendants' Motion at ¶ 4).

The Court finds that plaintiff has come forward with some evidence that creates a genuine issue of material fact as to whether or not taurine and Vitamin C, admittedly ingredients contained in defendants' SoBe Energy gum, are metabolic enhancers that increase a user's metabolism in order to achieve a higher caloric burn rate, so as to bring the accused product within the claims of plaintiff's '890 patent.  While this Court has previously stated that such an issue is "a matter that scientists may determine from an objective test" (*see Barreca, supra*, 322 F. Supp. 2d at 1196), plaintiff has presented some credentials that suggest he has qualifications to give an expert opinion before the jury on this issue.  Plaintiff may not have a university or graduate degree in a distinctly hard scientific field, but like defendant's tendered expert who states he has been employed in the food and confectionary industry since 1962 and in the chewing gum

14

industry since 1966 (*see* Declaration of Fritz at 2), plaintiff attests to many years of work in the health and fitness field and considerable research on various active ingredients that may be suitable for gums. *See* Barreca Declaration, ¶¶ 1-3.

Furthermore, although the defendants assert that Barreca is not an expert, the Court has not received a motion *in limine* to exclude plaintiff as an expert witness. The Court understands that Barreca may not have been listed as an expert in plaintiff's Rule 26 disclosures, but the Court has not been provided with a copy of the disclosures. The Court also notes that Barreca is not listed as an expert witness in the Final Pretrial Order filed on June 30, 2005, but has received no argument or explanation regarding why he is not listed. However, there is no motion before the Court to exclude his testimony for failure to comply with Rule 26, or because he is not qualified, so that issue is not directly before the Court at this time. Because of the uncertainty of whether or not Barreca's opinions have been disclosed, the Court is reluctant at this time to find that his testimony is not entitled to be considered in response to a motion for summary judgment. Moreover, to the extent plaintiff is relying on scientific literature to support his opinion, such reliance is permitted in the case of an expert witness. Whether plaintiff is allowed to testify at trial may well be an entirely different matter.

Accordingly, because the above described genuine issue of material fact is present in this case, defendants' motion for summary judgment on infringement is DENIED.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON INFRINGEMENT**

For essentially the same reasons plaintiff's Motion for Summary Judgment must be denied.  Plaintiff argues in his motion that SoBe Energy gum infringes the claims of his '839 patent.  In making this argument, plaintiff relies entirely on the argument that the taurine found in the defendants' product is a metabolic enhancer because 7-Eleven so admitted in its answer in the prior case.  *See* Plaintiff's Motion at 2, 4, 8 and 10. For the reasons stated above, the Court disagrees that 7-Eleven's answer to the complaint in Civil Action No. 02-F-2303 binds 7-Eleven or the other defendants in this case.  Moreover, the Court has found that whether or not taurine is a metabolic enhancer is a disputed issue of material fact.  Accordingly, plaintiff's Motion for Summary Judgment is DENIED.

**PLAINTIFF'S MOTION FOR *MARKMAN* HEARING**

Plaintiff requested a *Markman* hearing by motion filed on August 13, 2004. Defendants filed their opposition on September 2, 2004.  Plaintiff's motion does not set forth any reasons why a *Markman* hearing was necessary, nor does identify any specific claims construction issues he considers significant.  Defendants opposed the request for a hearing at that time, but acknowledged that the Court should, at some point, hold a *Markman* hearing to construe the claims of the '839 patent.  However, like the plaintiff, defendants did not identify any claim construction issues.

In connection with ruling on the parties' motion for summary judgment on the issue of infringement, the Court has necessarily reviewed the claims language of the claims at issue in this case.  The Court has found that the language regarding the

16

presence of a metabolic enhancer or enhancers is part of the claims limitations of

the '839 patent.

Moreover, as the parties recognize, much of the language in claims 1, 9 and 11

of the '839 patent is similar to language used in the '540 patent, which this

Court construed in its Claims Construction Order entered in Civil Action No. 02-F-2303.

To the extent the language used in the claims in the '839 patent is identical or similar to

the language used in the claims in the '540 patent, the Court is not inclined to alter the

claims construction reached by it in the prior case.  (The Court understands that its

Order is on appeal in the Federal Circuit but the parties have given no indication as to

when the appeal might be decided.)  Thus, to the extent the parties anticipate claims

construction issues involving the '839 patent that arise from identical or similar language

in the '540 patent, there appears to be no immediate need for a *Markman* hearing as

the Court's construction will remain the same until the Federal Circuit informs this Court

otherwise.

Finally, the Court notes that defendants have asserted in their Reply Brief, filed

June 6, 2005, an alternative reason for entering summary judgment of non-infringement

with respect to claims 9 and 11 of the '839 patent.  They argue that there is no evidence

that the SoBe Energy gum contains only two ingredients, which defendants assert to be

a claim limitation of claim 9 of the '839 patent, and there is no evidence that the SoBe

energy gum contains "multiple metabolic enhancers," which defendants argue is a claim

limitation of claim 11 of the '839 patent.  Defendant's Reply at 9-11.  The Court has

found no response from plaintiff to these arguments, which do seem to implicate claims construction.

With respect to claim 9 of the '839 patent, defendants appear to argue the by using the phrase "consisting essentially of" to describe the product, followed by a colon and then two numbered subparagraphs listing ingredients, the claim is limited to a product that contains: a) a metabolic enhancer, and b) one, but not more than one, of the ingredients listed in the second subparagraph.  Because the SoBe Energy gum may contain a metabolic enhancer (a disputed issue of fact) and admittedly contains both guarana and ginseng, two of the ingredients listed in the second subparagraph of claim 9, the SoBe Energy gum does not literally infringe Claim 9.  Such a result necessarily depends on whether defendants' construction of claim 9 is correct.

While the Court does not find at this time that a *Markman* hearing is necessary, it will afford plaintiff the opportunity to submit a supplemental brief in response to defendants' proposed construction of claim 9 addressing the argument made in Defendants' Reply at pages 9-10.

With respect to claim 11 of the '839 patent, defendants appear to argue that the description of the product as "comprising at least a combination of the [f]ollowing: guarana, ginseng, at least one vitamin, and metabolic enhancers that increases a user's metabolism in order to achieve a higher caloric burn rate, in an amount of up to 5 grams" necessarily requires that in addition to the product containing guarana and ginseng, it must also contain at least one vitamin and one or more metabolic enhancers.  Defendants assert that even if the Court were to find, as plaintiff has

18

argued, that there is Vitamin C and taurine in the SoBe Energy gum, and even if the Court were to find that taurine is a metabolic enhancer (a disputed issue of fact), there is no evidence that the SoBe Energy gum contains any other metabolic enhancer.

Defendants correctly note that this Court has already found that the phrase "metabolic enhancers," used in a similar context in the claims of the '540 patent, means more than one metabolic enhancer, and that the letter "s" at the end of the word "increases" although grammatically inconsistent with the plural, is most likely a typographical error. *See, Barreca*, 322 F. Supp. 2d at 1194.  As noted above, this Court is not inclined to alter it prior construction of similar language.  However, if plaintiff has an argument why the use of the phrase "metabolic enhancers" as used in claim 11 of the '839 patent should not be construed as the phrase was construed in connection with the '540 patent, he may include that argument in the supplemental brief.

Despite the apparent correctness of defendants' construction of the language of claim 11 of the '839 patent, on the record before it this Court cannot find that the SoBe Energy gum contains only one metabolic enhancer, as opposed to two or more, for even the first proposition is a matter of disputed fact.  Thus, the Court denies defendants' implicit motion for summary judgment as to claims 9 and 11, to the extent such request is made in defendants' Reply Brief.

**CONCLUSION**

Plaintiff's Motion for Summary Judgment (Dkt. # 20) is DENIED.

Defendant's Motion for Summary Judgment (Dkt. # 76) is DENIED.

Plaintiff's Motion for a *Markman* Hearing (Dkt. # 30) is DENIED, but plaintiff is granted leave to file, within 14 days of this Order, a supplemental brief of no more than 10 pages addressing the claims constructions offered at pages 9-11 of the Defendants' Reply.  If plaintiff files a supplemental brief, defendants may file a supplemental response of no more than 5 pages within 10 days after receipt of plaintiff's supplemental brief.

DATED:  August 9, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge